MIDDLEOAK INSURANCE COMPANY *vs.* TRI-STATE SPRINKLER
CORP. & others.[1]

No. 09-P-1265.

Essex. May 6, 2010. - August 5, 2010.

Present: GRASSO, BROWN, & KAFKER, JJ.

*Insurance,* Property damage, Subrogation, Waiver. *Contract,* Construction
contract, Construction of contract. *Subrogation.*

A subrogation waiver provision contained in an American Institute for Architects
standard form construction contract applies to a postconstruction loss that
is covered by insurance, where, viewed in context, the waiver of subroga-
tion is an allocation of risk among insurers and not a surrender of rights
against the contractor by an insured. [337-339]

CIVIL ACTION commenced in the Superior Court Department on
April 30, 2008.

The case was heard by *Richard E. Welch, III,* J., on a motion
for summary judgment.

*Philip M. Hirshberg* for the plaintiff.

*David T. Mitrou* for Tri-State Sprinkler Corp.

*Brian C. Newberry* for David O'Sullivan Architects, Inc.

*David R. Cain* for Plumb House, Inc.

GRASSO, J. MiddleOak Insurance Company (MiddleOak)
appeals from the entry of summary judgment in favor of the
defendants, David O'Sullivan Architects, Inc. (O'Sullivan),
Plumb House, Inc. (Plumb House), and Tri-State Sprinkler Corp.
(Tri-State). MiddleOak is an insurer of an apartment complex
that was designed by O'Sullivan and constructed by Plumb
House, the general contractor, and Tri-State, a fire suppression
subcontractor. After a 2007 fire damaged one of the buildings,
MiddleOak, as subrogee of the owner, Longview Apartments of

---

[1]David O'Sullivan Architects, Inc., and Plumb House, Inc.

Georgetown (Longview), brought claims of negligence and breach of contract against O'Sullivan, Plumb House, and Tri-State.[2]

A Superior Court judge concluded that MiddleOak's action was barred by a waiver of subrogation provision in the construction contract documents. See *Haemonetics Corp.* v. *Brophy & Phillips Co.*, 23 Mass. App. Ct. 254, 257-258 (1986) (insured held to have waived right to recover from contractors covered by waiver of subrogation clause to the extent reimbursed by insurance); *Liberty Mut. Ins. Co.* v. *National Consol. Warehouses, Inc.*, 34 Mass. App. Ct. 293, 297 (1993) (insurer's subrogation rights no greater than those of its insured). On appeal, MiddleOak argues that the Superior Court judge erred because the waiver of subrogation provision does not extend to an insurance policy obtained by Longview postconstruction.[3] We affirm.

*Discussion.* The construction contract in question utilizes two standard forms of the American Institute for Architects (AIA). At issue here are provisions in the AIA's "General Conditions of the Contract for Construction." Subparagraph 11.4.5 of the general conditions provides that "if after final payment property insurance is to be provided on the completed Project through a policy or policies other than those insuring the Project during the construction period, the Owner shall waive all rights in accordance with the terms of Subparagraph 11.4.7." Further, "All separate policies shall provide this waiver of subrogation by endorsement or otherwise." In turn, subparagraph 11.4.7 contains a waiver of subrogation between the owner and, respectively,

---

[2]MiddleOak paid Longview $4,744,150.14 under an insurance policy purchased by Longview on May 14, 2006, approximately two years subsequent to completion and occupancy of the apartment complex.

[3]MiddleOak also argues that the waiver of subrogation provision is unenforceable because the defendants cannot waive liability for the violation of a statutory duty. We disagree. Unlike a provision that completely exculpates a wrongdoer and leaves the victim without recourse, a waiver of subrogation does not prevent an injured party from being compensated. See *Great N. Ins. Co.* v. *Architectural Envts., Inc.*, 514 F. Supp. 2d 139, 143 (D. Mass. 2007). A waiver of subrogation serves as an allocation of risk between the parties. It reflects "an intention on the part of the parties to relieve each other of liability and look only to one insurer to bear the risk of the fire instead." *Ibid.*, quoting from *Acadia Ins. Co.* v. *Buck Constr. Co.*, 756 A.2d 515, 520 (Me. 2000). Where, as here, the injured party is compensated by insurance, the contractual waiver of subrogation is enforceable.

the contractor, subcontractor, and architect "for damages caused by fire or other causes of loss to the extent covered by property insurance . . . or other property insurance applicable to the Work." The contract defines the "Work" as the "construction and services required . . . whether completed or partially completed."

The central dispute is whether the contract's provisions regarding waiver of subrogation apply only to property insurance obtained during construction or, as well, to property insurance obtained by the owner after completion of the project. Among those jurisdictions that have considered the issue, the great weight of authority holds that the AIA provisions regarding waiver of subrogation are not limited to losses during the construction period and apply as well to postconstruction losses that are covered by insurance. See, e.g., Royal Surplus Lines Ins. Co. *vs.* Weis Builders, Inc., U.S. Dist. Ct., No. 04-440-C (W.D. Ky. April 3, 2006) ("sections 11.4.5 and 11.4.7 . . . clearly extend the waiver beyond completion of the contract if property insurance is obtained on the completed Project"); Argonaut Great Cent. Ins. Co. *vs.* DiTocco Konstruction, Inc., U.S. Dist. Ct., No. 06-1488 (D.N.J. Dec. 21, 2007) (section 11.4.5 extends the waiver of subrogation to postconstruction losses); *Silverton* v. *Phoenix Heat Source Sys., Inc.,* 948 P.2d 9, 13 (Colo. App. 1997) ("the waiver of subrogation clause barred subrogation for insured losses to the work occurring after the final completion date"); *Colonial Props. Realty Ltd. Partnership.* v. *Lowder Constr. Co.,* 256 Ga. App. 106, 109 (2002) (waivers of subrogation remain in effect after construction is completed); *Midwestern Indem. Co.* v. *Systems Builders, Inc.,* 801 N.E. 2d 661, 669 (Ind. Ct. App. 2004) (AIA contract waives subrogation past the completion of construction); Acuity *vs.* Interstate Constr., Inc., Ohio App. 11th Dist. No. 2007-P-0074 (March 7, 2008) (same). We agree with the reasoning of those cases holding that the contractual provision for waiver of subrogation applies to postconstruction losses as well as to losses during construction. The pertinent contractual language reflects the parties' expressed intent to extend the applicability of waiver of subrogation to postconstruction loss.

We reject the contrary reasoning of *Lumbermens Mut. Cas. Co.* v. *Grinnell Corp.*, 477 F. Supp. 2d 327 (D. Mass. 2007),[4] which gives too crabbed a reading to the phrase "to be provided" in reaching its conclusion that a waiver of subrogation only applies if the contract *requires* the owner to provide property insurance postconstruction. We conclude that waiver of subrogation results not just in that instance, but also if the owner secures coverage for the property after final payment.

Viewed in context, the contractual provision for waiver of subrogation is an allocation of risk among insurers and not a surrender of rights against the contractor by an insured. This allocation comports with a strong public policy to encourage parties to anticipate risks and procure insurance covering those risks, thereby avoiding future litigation.[5] The provisions for waiver of subrogation contained in the AIA standard form contract express this allocation and extend to insurance policies obtained by the owner after completion of construction.

*Judgment affirmed.*

---

[4]Similarly, we reject the reasoning of the dissent in *Midwestern Indem. Co.* v. *Systems Builders, Inc.*, 801 N.E.2d 661, 665-668 (Ind. Ct. App. 2004), on which *Lumbermens* relies.

[5]An insurer such as MiddleOak has numerous ways of protecting itself against unknown subrogation waivers such as inserting policy exclusions into its policies, raising premiums, investigating waivers by potential insureds, requiring warranties from insureds, or obtaining reinsurance to cover subrogation waivers.